Dayna PADULA, Plaintiff–Appellant,

v.

Robert MORRIS; et al., Defendants–
Appellees.

No. 11–17117.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2013.

Filed Aug. 1, 2013.

Dayna Padula, Dunsmuir, CA, pro se.

John Patrick Kelley, Law Offices of
Halkides Morgan & Kelley, Redding, CA,
for Defendants–Appellees.

Before: SCHROEDER, THOMAS, and
SILVERMAN, Circuit Judges.

MEMORANDUM *

Plaintiff Dayna Padula appeals the dis-
trict court's award of costs to the defen-
dants following a jury verdict in favor of
the defendants. We reverse and remand.

Padula argues that the district court
erred when it failed to consider her indi-
gence or inability to pay the award of costs
because her declaration was unsigned.
We agree. The record contained another
copy of the declaration opposing costs and
an IFP affidavit, both signed under penal-
ty of perjury, when the district court ruled
on costs and denied the IFP motions. Be-
cause the district court incorporated its
ruling from the IFP order into the costs
order and the IFP motions included evi-
dence of Padula's inability to pay, the dis-
trict court should have considered her abil-
ity to pay costs. *See Save Our Valley v.
Sound Transit,* 335 F.3d 932, 945 (9th
Cir.2003); *Stanley v. Univ. of S. Cal.,* 178
F.3d 1069, 1079–80 (9th Cir.1999). We
express no opinion on whether the district
court should or should not tax costs
against Padula. The district court has
discretion to refuse to tax costs.

The district court did not abuse its dis-
cretion when it held that defendants' er-
rors in the first bill of costs, which were
immediately corrected after Padula's ob-
jection, did not rise to the level of miscon-
duct that warranted the punishment of a
total denial of costs. *Dawson v. City of
Seattle,* 435 F.3d 1054, 1071 (9th Cir.2006).

The district court did not abuse its dis-
cretion by taxing deposition transcript,
PACER, and copy costs. Disallowance for
expenses of depositions not used at trial is
within the district court's discretion.
*Wash. State Dep't of Transp. v. Wash.
Natural Gas Co.,* 59 F.3d 793, 806 (9th
Cir.1995) (citing *Economics Laboratory,
Inc. v. Donnolo,* 612 F.2d 405, 411 (9th
Cir.1979)). Thus, the district court was
permitted to tax the costs in its discretion,
even if the materials were not used at
Padula's trial. *Sea Coast Foods, Inc. v.
Lu–Mar Lobster & Shrimp, Inc.,* 260 F.3d
1054, 1061 (9th Cir.2001).

The district court abused its discretion
by taxing $328.00, defendants' half of the
cost for airline tickets for the Padula and
Feri depositions, because the parties
agreed to split these costs. On remand,
the district court should consider earlier

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

by 9th Cir. R. 36–3.

agreements between the parties to pay costs if it taxes costs against Padula.

REVERSED AND REMANDED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.